**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JOLENE ANN CASEY,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent,

        Defendant.

No. C 13-4094-MWB

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)**

_____

The decision of the ALJ in this matter was reversed and remanded solely for the calculation of benefits on March 4, 2015, by the late Honorable Donald E. O'Brien (docket no. 19). On March 31, 2015, plaintiff's counsel filed a motion for Equal Access to Justice Act ("EAJA") fees (docket no. 23). Defendant filed a response indicating no objection to the requested fee amount and Judge O'Brien granted plaintiff's request on May 29, 2015, awarding EAJA fees in the agreed upon amount of $7,664.89 (docket no. 25).[1]

---

[1] I recognize the Attorney Fee Agreement established between plaintiff and her attorney, Ms. Ruth M. Carter (docket no. 8-4, CM-ECF p. 31 of 64, Exhibit 6B). Pursuant to that fee agreement, plaintiff assigned the payment of any awarded EAJA fees to her attorney, authorizing the deposit of any check made payable to the plaintiff into Ms. Carter's business account. Further, the agreement stated that if EAJA fees were awarded and if fees from benefits were withheld for the same work, then the lower of the two fees would be refunded to the plaintiff.

I received this case on August 20, 2015, after Judge O'Brien's passing. The case is before me on plaintiff's September 25, 2015, Second Supplement to Motion For Determination of and Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 30).[2] Plaintiff's attorney, Ms. Carter, requests attorney's fees in the amount of $8,757.43, which counsel asserts is 25 percent of the total of past due benefits awarded to the claimant in the amount of $35,029.70.

On October 7, 2015, the Commissioner filed a Response To Plaintiff's (second supplemental) Motion For Fees Under 42 U.S.C. § 406(b), stating:

> Plaintiff's counsel asserts that plaintiff's past due benefits total $35,029.70, as stated in the Notice of Reconsideration attached to plaintiff's motion. *See* Doc. 30 at 3. However, the amount in this notice is plaintiff's "total back pay," which is not the same as the "past due benefits" amount from which 25% is withheld for attorney fees. Past-due benefits are "the total amount of payments under Title XVI of the Act, . . . that has accumulated to you and your spouse because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 416.1503. Thus, plaintiff's "total back pay" includes payment for months after the judicial decision in this case on March 4, 2015. These additional amounts are not subject to the 25% withholding for attorney fees under 42 U.S.C. § 406(b).

---

[2] On March 17, 2015, plaintiff filed a "Motion for Determination Of And Award Of Attorney Fees Under 42 U.S.C. § 406(b)" (docket no. 21), with attached Exhibit 1, Itemization of Services. Plaintiff acknowledged her motion was premature and requested the court to hold the motion in abeyance, permit the plaintiff to supplement the motion at such time as the Commissioner completed her calculations of the dollar amount of the past due benefits, and not require defendant to determine her response to the motion until the motion was supplemented. On March 30, 2015, defendant consented to holding the motion in abeyance and to plaintiff's future supplement (docket no. 22). Judge O'Brien entered an Order on July 30, 2015, holding the motion for § 406(b) fees in abeyance (docket no. 29). Plaintiff supplemented her § 406(b) motion with exhibits 1 and 2 on June 18, 2015 (docket no. 27), and filed a second supplement on September 25, 2015, attaching to the motion the Notice of Reconsideration, but failing to mark it as an exhibit (docket no. 30).

> According to agency records, plaintiff's past due benefits amount from August 2009 through February 2015 (the month before this Court's order) was $33,475.02. Thus, the 25% that is withheld for attorney fees is $8,368.76. Thus, a reasonable award under 42 U.S.C. § 406(b) cannot exceed that amount.

Docket no. 31, pp 1-2.

Additionally, defendant addresses the EAJA fee previously awarded in the amount of $7,664.89, stating:

> Plaintiff's counsel has notified defendant that this amount was intercepted by the Department of Treasury for a debt owed *by counsel*. Thus, the payment inured to the benefit of plaintiff's counsel. Congress has precluded double-dipping, i.e. receipt of attorney fees for the same services under the EAJA and the Social Security Act, and the smaller of the fees for the same work under the EAJA and the Social Security Act must be refunded to plaintiff. Although the amount paid was intercepted by Treasury, it was in payment of a debt owed by counsel, not a debt owed by the plaintiff. Defendant respectfully requests that if the Court awards attorney fees under Section 406(b), it also order counsel to refund the smaller fee to plaintiff.

Docket no. 31, p. 2.

As previously mentioned, plaintiff filed a "premature" motion (filed March 17, 2015, docket no. 21), which was held in abeyance. That motion references the Attorney Fee Agreement stating, "the Certified Record contains the contingent-fee agreement between Plaintiff and the undersigned, found at Exhibit 6B, Filing No. 8-4, CM-ECF p 31 of 64." The Attorney Fee Agreement between plaintiff Jolene Ann Casey and her counsel, Ruth M. Carter, provides for, among other things, a contingency fee payment of the lesser of either (1) 25% of the recovery of past due benefits, or (2) $6,000, which is the maximum amount allowable by Social Security. In this motion, plaintiff also submits to me Exhibit 1, itemization of services.

Plaintiff's Supplement to Motion for Determination of and Award of Attorney Fees Under 42 U.S. C. § 406(b) (filed June 18, 2015, docket no. 27) includes Exhibits

1 and 2. Exhibit 1 is the Notice of Award dated June 10, 2015, from the Social Security Administration to plaintiff Casey, awarding total back payment in the amount of $27,901.70. Exhibit 2 is the Appeal Notice of Award dated June 18, 2015.

Attached to plaintiff's Second Supplement to Motion for Determination of and Award of Attorney Fees Under 42 U.S.C. § 406(b) (filed September 25, 2015, at docket no. 30) is the Notice of Reconsideration awarding total back pay in the amount of $35,029.70.

I have reviewed the docket and recognize Exhibit 1 (itemization of services) attached to the "premature motion" (docket no. 21). This establishes that plaintiff's counsel spent 72.86 hours representing the plaintiff. Plaintiff's counsel acknowledges the obligation set by Congress to refund to the plaintiff the smaller of either the fee awarded under 42 U.S.C. § 406(b) or the EAJA fee (as mentioned previously, awarded in the amount of $7,664.89, and intercepted by the Department of Treasury to cover a debt of *counsel*).

The Commissioner has no objection to plaintiff's motion for attorney's fees under § 406(b) if the attorney fee request is for a "reasonable" amount for work performed before the court and the appropriate calculation method is utilized to determine the award, i.e., past due benefits from August 2009 through February 2015 in the amount of $33,475.02 with 25% of that amount withheld for attorney's fees for a total of $8,368.76 (docket no. 31). The Commissioner respectfully requests that I order plaintiff's counsel to refund the smaller of the two fees awarded (EAJA and § 406(b)) to plaintiff.

42 U.S.C. §406(b) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and

> the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. §406(b)(1)(A) (emphasis added). I must determine if the attorney's fee request is reasonable, and the fee must not be more than 25% of the past-due benefit award. As mentioned, claimant had a contingency fee agreement with her counsel:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

*Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) holds that "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. The district court must act as an independent check on such arrangements to ensure that they satisfy the statutory requirement of yielding a "reasonable" result in a particular cases. *Id*. Even with the 25% boundary, the attorney "must show that the fee sought is reasonable for the services rendered." *Id*.

5

In this case, plaintiff's counsel requests a fee totaling 25% of past due benefits, which she has incorrectly calculated as $8,757.43. As stated above, and appropriately explained by defendant, the correct calculation for fees totals $8,368.76. Upon review of this itemized billing record, I find Ms. Carter's attorney's fee request to be reasonable, except as set out below.

As mentioned, plaintiff's counsel previously applied for, and was awarded, attorney fees in the amount of $7,664.89, under the EAJA, 28 U.S.C. § 2412. Plaintiff's counsel has acknowledged that an attorney cannot collect fees for the same work under both § 406(b) and the EAJA. Rather, the attorney must refund the lesser amount of the § 406(b) and the EAJA fee to her client. *See* Pub. L. No. 99-80, §3, 99 Stat. 186 (August 5, 1985), *see also Gisbrecht*, 533 U.S. at 796. As also previously mentioned, **defendant** alerted the Court that plaintiff's EAJA fee was intercepted by the Department of Treasury for a debt owed *by counsel*.

Therefore, Ms. Carter's Motion for Determination of and Award of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 21) and Second Supplement to Motion For Determination of and Award of Attorney Fees Under 42 U.S.C. §406(b) (docket no. 30) are **granted in part**. I find plaintiff's counsel has not been candid with me in this case, and her representation was substandard.[3] Requesting fees in the amount of $8,368.76

---

[3] Counsel's less than candid conduct includes: (1) the assertion of past due benefits totaling $35,029.70, thereby making her fee request $8,757.43. However, as explained in **defendant's** response (docket no. 31), the $35,029.70 figure is the "total back pay" which is the not the same as the "past due benefits" amount from which 25% is withheld for attorney's fees. Therefore, past due benefits in this case actually total $33,475.02, making the correct fee request no more than $8,368.76; (2) an itemization of work performed, which is work not covered for compensation purposes under § 406(b) fees (as noted by **defendant** at docket no. 22), "plaintiff's counsel's 'Exhibit A' to her motion for attorney fees under the Social Security Act which includes itemization of significant

6

for substandard service is not reasonable. *See Gisbrecht*, 535 U.S. at 807-08, finding the court may reduce an award based on the character of the attorney's representation of their client. I will reduce the fee accordingly and award $703.87[4] in § 406(b) attorney's fees to Ruth M. Carter. Additionally, Ms. Carter must refund to her client the EAJA attorney's fees already awarded in this case (as was previously discussed in this order as being intercepted by the Department of Treasury to cover a debt of *counsel*) in the amount of $7,664.89.

**IT IS SO ORDERED**.

**DATED** this 8th day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

hours of work performed at the administrative level (from December 9, 2010 to June 24, 2013), which are not compensable under 42 U.S.C. § 406(b)"; (3) a failure to be forthcoming that the previously awarded EAJA fee was confiscated by the Department of Treasury for a debt owed by *counsel*—a fact I learned from **defendant's** response at docket no. 31; and (4) the filing of a Second Supplement To Motion For Determination Of And Award Of Attorney Fees Under 42 U.S.C. § 406(b) (docket no. 30) attaching the Notice of Reconsideration for my consideration, but failing to mark it as an exhibit.

[4]I arrive at the fee I find to be reasonable by taking the past due benefit amount ($33,475.02), calculating 25% of that amount ($33,475.02 x .25=$8,368.76), and then subtracting from that figure the previously awarded EAJA fee amount ($8,368.76 - $7,664.89 = $703.87).